Arthur J. Larvin vs. Providence Gas Company } Law No. 93737.

February 15, 1935.

WALSH, J. This is an action for slander brought by a former employee against the Providence Gas Company. It is alleged that the defendant corporation, its servants and agents falsely and maliciously spoke the following words:

"Arthur J. Larvin has stolen a battery from the Providence Gas Company and is using that battery in his automobile."

The plaintiff was discharged by the corporation, which is the special damage complained of.

The defendant has demurred to the declaration on nine separate grounds. The substance of the demurrer is that it is not alleged that the defamatory words were authorized by the defendant or ratified by it, or spoken by any agent or servant of the corporation acting in the scope of his employment.

The declaration seeks to make the corporation liable for the slanderous statement of its servants on the ground of respondeat superior. Where a wilful and intentional injury by the servant is charged in the declaration, it must appear that he was acting within the scope of his employment at the time of the alleged injury. If it appears by necessary implication from the facts stated in the declaration that the alleged wrongdoer was acting as the servant of the defendant at the time of the commission of the alleged wrong, a direct averment to such effect may become unnecessary.

39 *Corpus Juris* 1353.

A clear distinction should be made between the cases where there is a positive duty resting upon the corporation as such and where there is a positive misfeasance by the servant, not involving a neglect of duty by the corporation. To guard against the use of slanderous words by its servants is not usually a duty which rests upon a corporation as such. In such a case as the one before us, we think that the declaration should include positive and direct allegations of fact either that the corporation directed, participated in or authorized the speaking of the

alleged slander by its servant or that the circumstances alleged clearly show that the servant in speaking such slanderous words was acting within the course of his employment and within the scope of the authority conferred upon him by his master. We feel, therefore, that the declaration should allege that the corporation directed or authorized the servant to speak the actionable words or afterwards approved or ratified their speaking.

*Benton* vs. *James Hill Mfg. Co.*, 26 R. I. 192;

*Lekator* vs. *Larmon*, 26 R. I. 125.

Demurrer to the declaration is sustained on the grounds above set forth.

For plaintiff: James H. Kiernan.

For defendant: Swan, Keeney & Smith.